UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 09-298(01) (MJD)

Enrique Bernal Garcia,

    Defendant/Petitioner.

_____

    Emily A. Polachek, Assistant United States Attorney, Counsel for Respondent.

    Petitioner, *pro se*.

_____

This matter is before the Court upon Petitioner's motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 835]

**I.    Background**

On January 14, 2010, Petitioner pleaded guilty to Count 1 of the Superseding Indictment which charged him with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A) and

1

846. On June 1, 2010, he was sentenced to a term of imprisonment of 210 months, which was the low end of the applicable guideline range of 210 to 262 months. Petitioner did not appeal his sentence.

On November 7, 2014, Petitioner filed a motion for sentence reduction based on Amendment 782 to the United States Sentencing Guidelines, which revised the drug quantity table by lowering the penalties for certain drug offenses. [Doc. No. 742] As applied in Petitioner's case, the Court found Petitioner's total offense level was lowered to 34. At a criminal category II, the applicable range was determined to be 168 to 210 months. The Court then resentenced him to a term of 168 months. [Doc. No. 802]

On November 13, 2017, Petitioner filed a second motion to reduce his sentence based on Amendment 782 to the Guidelines. By Order dated January 3, 2018, the Court denied the motion as Petitioner had already received a sentence reduction and was not entitled to further relief. [Doc. No. 812]

On March 22, 2019, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Petitioner has asserted two grounds in his petition: 1) ineffective assistance of counsel based on counsel's

2

failure to object to a two point enhancement for a firearm found at a stash house and his residence and for failure to raise this issue on appeal; and 2) under the First Step Act, Petitioner asserts he is entitled to relief from "stacking" or enhancement of his sentence due to the assumption that he is accountable for a firearm found at the stash house or his residence.

The government has filed a motion to dismiss the petition as untimely and for failure to assert a cognizable claim for relief. Petitioner has not responded to the government's motion.

## II. Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a

substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.   A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

Petitioner is entitled to an evidentiary hearing on his petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

### III. Discussion

#### A. Timeliness of Ground One

4

There is a one-year period during which a motion may be filed under Section 2255. 28 U.S.C. § 2255(f).

> The limitation period begins to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by government action in violation of the Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claims or claim presented could have been discovered through the exercise of due diligence.

Section 2255 (f)(1)-(4).

In this case, the Petitioner did not appeal his sentence. Therefore, the judgment of conviction became final after the applicable period for filing a notice of appeal to the Eighth Circuit Court of Appeals expired. Judgment was entered on June 4, 2010 and the time to file a notice of appeal expired fourteen days later, on June 18, 2010. Thus, to be timely under § 2255(f)(1), Petitioner had to have asserted his ineffective assistance of counsel claim on or before June 18, 2011. The petition was not filed, however, until March 22, 2019.

To be timely under § 2255 (f)(3), Petitioner must demonstrate that his claim is based on a "right [] initially recognized by the Supreme Court and made

5

retroactively applicable to cases on collateral review." In his memorandum in support of his petition, Petitioner claims that his right to effective assistance of counsel was violated when counsel failed to file a notice of appeal on his behalf. Petitioner argues that he asked his attorney to file a notice of appeal, but was told that he was unable to do so due to the appeal waiver in the plea agreement.

In support, he cites to the decision in <u>Garza v. Idaho</u>, 139 S. Ct. 738 (2019), in which the Supreme Court found that an attorney's failure to file a notice of appeal on behalf of defendant, despite appeal waivers, was constitutionally deficient.

The Court finds that <u>Garza</u> has no application to this case, however, because the plea agreement did not include an appeal waiver regarding his sentence. Rather, the parties agreed "that the guilty plea pursuant to this agreement is a final resolution upon the issue of guilt. There will not be a trial or appeal of any kind upon the issue of guilt, regardless of any disputes regarding the application of the sentencing guidelines." (Doc. No. 483 (Plea Agreement at 7).)

During the plea hearing, counsel for the government stated "Just to be

6

clear, your Honor, it's not stated explicitly in the plea agreement. The final resolution section refers to a trial or an appeal of any kind on the issue of guilt. It doesn't talk about a sentence. There could be an appeal as to sentence if the defendant disagreed with his sentence. I think it's implied in that paragraph, but not explicitly stated, but there is a sentencing appeal right that will remain." (Doc. No. 848 (Plea Tr. at 7).)

Furthermore, at the sentencing hearing, this Court specifically notified Petitioner of his right to appeal his sentence. (Doc. No. 841 (Sentencing Tr. at 17).)

In his petition, Petitioner is not challenging whether he is guilty of the crime of conviction. Instead, he is challenging the application of a two-point enhancement pursuant to Section 2D1.1(b)(1) of the United States Sentencing Guidelines. Accordingly, Petitioner's claim of ineffective assistance of counsel is not based on an alleged new right recognized in the <u>Garza</u> decision that is made retroactive on collateral review. Instead, such claim is based on the decision in <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000), which held that where an attorney failed to file a notice of appeal despite a request to do so, prejudice would be presumed.

7

Thus, Petitioner cannot rely on subsection (f)(3) to claim his petition is timely.[1]

Finally, the limitations period under § 2255 may be equitably tolled only if Petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Martin v. Fayram, 849 F.3d 691, 698 (8th Cir. 2017) (citations omitted); see also Lawrence v. Florida, 549 U.S. 327, 337 (2007) (finding that petitioner failed to show his mental incapacity justified the application of equitable tolling where he made no factual showing of a mental incapacity).

Based on the record, files and proceedings herein, the Court finds that Petitioner has not demonstrated that equitable tolling should be applied in this case. Accordingly, the Court finds that the claim of ineffective assistance of counsel is time-barred.

**B. Ground Two – First Step Act Claim**

Petitioner next claims that the First Step Act, enacted in December 2018, could have an effective outcome for reduction of his sentence due to the change in the stacking of his sentence where a weapon is involved. Petitioner claims the

---

[1] Subsections (f)(2) and (4) are not applicable, as Petitioner makes no claim of government impediment, and he is not citing to newly discovered facts.

weapon found at the residence where he was arrested did not belong to him and was never used in the commission of a felony. He claims that this could have been proven on appeal if his attorney had filed a notice of appeal as he requested.

Pursuant to Section 403 of the First Step Act, 18 U.S.C. § 924(c) was amended to limit the requirement that sentences for multiple convictions under of § 924(c) be served consecutively, referred to as "stacking," to those defendants who violated § 924(c) after a prior conviction under that section had become final. Pub. L. 115-391, 132 Stat 5194 (2018). Petitioner was not convicted of a violation of § 924(c), therefore this provision of the First Step Act has no application here.

Pursuant to Section 404 of the First Step Act "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 [] were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194 (2018). A covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [] that was committed before August 3, 2010."

Id.

The relevant sections of the Fair Sentencing Act of 2010 ("FSA") reduced the statutory mandatory minimum penalties for offenses involving cocaine base by raising the drug quantity thresholds required to trigger a mandatory minimum term of imprisonment. Section 2, Pub. L. No. 111-220, 214 Stat. 2372 (2010). Nothing in the First Step Act applies to the Sentencing Guidelines, and Petitioner is only challenging the application of the enhancement set forth in § 2D2.2(b)(1). Accordingly, Petitioner has not demonstrated that he is entitled to any relief under the First Step Act.

Because Petitioner has not demonstrated that he is entitled to any relief, the petition will be dismissed in its entirety.

## V.    Certificate of Appealability

With regard to the procedural rulings in this Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling."

Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the decision on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

**IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate Under § 2255 [Doc. No. 835] is **DENIED;**

2. The Government's Motion to Dismiss [Doc. No. 842] is **GRANTED** in its entirety; and

3. No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: September 19, 2019      s/ Michael J. Davis
                              Michael J. Davis
                              United States District Court